IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| JOSE HERNANDEZ-MENDOZA, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 5:20-CV-284-M-BQ |
| AZAMOLSADAT FATEMI, *et al.*, | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the United States Department of the Treasury's (IRS) Motion for Order Recognizing Terms of Stipulation (Motion) (ECF No. 13), as well as a Stipulation to Remand (Stipulation) signed by all parties then participating in this action—Plaintiff Jose Hernandez-Mendoza, First Bank & Trust Co., and the IRS.[1] ECF No. 14. In its Motion, the IRS "asks the Court to enter an order that reflects the stipulation" between it and Hernandez-Mendoza (i.e., that Hernandez-Mendoza's interest in the property takes priority over the IRS's recorded tax lien) and excuses the IRS "from participating in any further proceedings before the Court in this action." ECF No. 13, at 1. Further, Hernandez-Mendoza, First Bank & Trust Co., Fatemi, Soltani, and the IRS (collectively "the moving parties") seek to have the case remanded to state court.[2] ECF Nos. 14, 21. The Court ordered the moving parties to file briefs addressing the remand issue, to which each complied. ECF Nos. 15, 16, 17, 18, 20, 21. These matters are now ripe for decision. After

---

[1] Subsequent to the stipulation, Defendants Azamolsadat Fatemi and Mohammad Ali Soltani appeared and filed an Answer to Plaintiff's Original Petition. ECF No. 19 (filed Apr. 23, 2021). Defendants Fatemi and Soltani "agree that remand is appropriate and permitted" in this matter. ECF No. 21, at 2.

[2] Hernandez-Mendoza filed a notice of voluntary dismissal as to Defendant Custom Homes by Robert Wood. ECF No. 8. Thus, although the Court has not yet entered a judgment reflecting the dismissal, the undersigned considers the moving parties to be all the remaining parties, i.e., those who have appeared and not been dismissed.

reviewing the moving parties' briefing and applicable law, the undersigned recommends the following.

## I. Background

On October 19, 2020, Plaintiff Jose Hernandez-Mendoza filed his Original Petition in state court. ECF No. 1-4, at 2–3. Through the Petition, Hernandez-Mendoza alleges that in June 2018, he entered into a contract for deed to purchase real property from Defendants Fatemi and Soltani. *Id.* at 3, 5. According to Hernandez-Mendoza, certain liens encumbered the property at the outset of the contractual agreement and, during the pendency of the contract, Fatemi permitted an additional lien to be placed on the property. *Id.* at 6. Hernandez-Mendoza asserts that as of September 2020, there were five outstanding liens on the property, including: vendors' liens held by Defendants Custom Homes by Robert Wood and Fox Ridge Phase II Joint Venture; an IRS federal tax lien; and liens placed by deeds of trust owned by Defendants City Bank and First Bank & Trust Co. *Id.* at 6–7.

Hernandez-Mendoza sues Defendants Fatemi and Soltani for violations of the Texas Property Code and the Deceptive Trade Practices Act (DTPA). *Id.* at 8. He further "seeks a declaratory judgment finding that he is entitled to possess the title to the property once his contractual obligations have been fully satisfied and that his claim is superior to that of any lienholders identified in [the] suit as defendants and Azamolsadat Fatemi." *Id.* Specifically, Hernandez-Mendoza alleges that the IRS's lien is inferior to his interest in the property and seeks to quiet title. *Id.* at 9. Regarding the other liens, Hernandez-Mendoza "seeks a declaration of the rights and duties of each lienholder along with a finding as to the validity of the liens themselves. To the extent said liens are valid and superior to that of [Hernandez-Mendoza], [he] seeks a declaration from the Court that Defendants Fatemi and Ali Soltani owe those obligations." *Id.*

2

On December 2, 2020, the IRS removed the case to this Court in accordance with 28 U.S.C. §§ 1441(c), 1444, and 1446. ECF No. 1. At the time, the IRS alleged original subject matter jurisdiction under 28 U.S.C. §§ 1331, 1340, and 2410(a)(1), and based on "questions of federal tax law." *Id.* at 2. Subsequently, the parties stipulated that Hernandez-Mendoza's interest in the property takes priority over the recorded IRS tax lien. ECF No. 13.

The moving parties now ask the Court to excuse the IRS "from participating in any further proceedings" and remand this action to state court. Mot. 1, ECF No. 13; *see also* ECF Nos. 14, 21. Through the Motion, the IRS represents that "there are no contested issues between the United States of America and Jose Hernandez-Mendoza." Mot. 1. Its subsequent brief reflects that it "has [now] determined that it should be dismissed from the suit," but it "takes no position on the applicable statutory bases for remand to state court." ECF No. 17, at 2. The other parties—Hernandez-Mendoza, First Bank & Trust Co., and Fatemi and Soltani—primarily argue that the Texas state law claims substantially predominate over the federal claim and the state claims should therefore be remanded. ECF Nos. 16, 18, 21. Hernandez-Mendoza notes that "[t]he bulk of the claims raised in his Original Petition in state court involve multiple claims under the Texas Property Code and the Texas Deceptive Trade Practices Act," and "[t]he quiet title actions" are similarly state claims. ECF No. 16, at 5. "The only claim here over which this Court holds original jurisdiction," Hernandez-Mendoza contends, "is the single lien priority question with regard to the IRS." *Id.* Further, Hernandez-Mendoza alleges that because "the case has not progressed significantly while pending before this Court . . . [i]t does not appear as though any party would be prejudiced by remand of the state-law matters or that it would be inconvenient for the [state] court . . . to hear the issues." *Id.* at 6. First Bank & Trust Co. and Fatemi and Soltani's respective

briefing follows suit. *See* ECF No. 18, at 4; ECF No. 21, at 3–4. In sum, the moving parties ask the Court to not exercise its supplemental jurisdiction over the state law claims.

## II. Discussion

### A. Before ruling on the Motion, the Court should first require that the parties formally resolve the federal claim consistent with their expressed intent.

Plaintiff notified the Court in his brief that he began "discussions with the IRS to determine whether it would be willing to enter into a stipulated declaratory judgment" and, in the alternative, he plans to "move for entry of judgment relying on the IRS's stipulation as to the issue of lien priority as soon as practicable." ECF No. 16, at 6–7. In its brief, the IRS informed the Court that "the United States has determined that it should be dismissed from the suit" but did not provide an explanation of the basis for dismissal. ECF No. 17, at 2. Collectively, the moving parties apparently support the dismissal but have submitted no filing, e.g., an agreed motion/order, stipulation, etc., to accomplish the dismissal. *See* ECF Nos. 16, 17, 18, 21.

The Court has given the moving parties multiple opportunities to explain their preferred course of action concerning the federal claim, its proper disposition, and the means for accomplishing same; nevertheless, they have failed to do so.[3] Though they all appear to agree on the ultimate outcome, i.e., that the IRS lien is inferior to Hernandez-Mendoza's interest in the property, they have filed no pleading or motion with the Court *actually resolving the IRS lien claim*. ECF No. 16, at 6–7 (discussing the *possibility* of a declaratory judgment against the IRS). The IRS itself represents that it "has determined that it should be dismissed from the suit" (ECF No. 17, at 2) but neither the IRS nor the other parties have submitted the appropriate filings to confirm its lien position *and* to dismiss the IRS from the case. Concerning First Bank & Trust Co.

---

[3] The IRS's Motion asking the Court to recognize the stipulation that its interest in the property is inferior to that of Hernandez-Mendoza is insufficient. *See* Mot. 1; ECF No. 13-1.

and Fatemi and Soltani's respective briefing, each expresses a similar view, i.e., that the federal claim has either "been resolved" or is "of no consequence in this dispute," but no one cites any authority or court filing demonstrating this has actually occurred. ECF No. 18, at 2, 4; ECF No. 21, at 3–4. Instead, the parties largely brief the Court's authority to remand the state claims *after* the dismissal of the federal claim.[4] *See* ECF Nos. 16, 18, 21.

Because the remand question ultimately turns on the status of the IRS's lien claim, the undersigned recommends that the United States District Judge require that the parties concretely resolve the federal claim prior to the Court addressing remand. The parties should notify the Court, within a designated time frame, how they choose to proceed. Based on the parties' filings, it appears they wish to do one of the following: (1) dismiss on the merits through a joint stipulation agreeing to (or a Court order granting) a declaratory judgment specifically determining IRS lien priority; or (2) submit a signed Rule 41 voluntary notice of dismissal terminating the IRS as a defendant in this action. Regardless of how the parties ultimately resolve the IRS lien claim, they must submit something in writing that definitively addresses both the (1) lien priority *and* (2) IRS's status as a party, thus enabling the Court to determine jurisdictional and remand issues. Accordingly, the undersigned recommends the district judge deny the IRS's Motion. ECF No. 13.

**B. Upon dismissal of the federal claim, the district judge should remand the remaining claims to state court. Alternatively, if the IRS lien claim remains, the district judge should decline to sever or remand the state claims.**

"There should be little need for a reminder that federal courts are courts of limited jurisdiction, having only the authority endowed by the Constitution and that conferred by Congress." *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010) (internal quotation marks omitted). Through 28 U.S.C. § 1367, Congress has authorized state

---

[4] Although no party frames the issue in these terms, the Court understands the parties as asking the Court to sever and remand the state claims even if the federal claim is not dismissed.

5

claims to "travel with federal claims" to federal court where "the supplemental claims are so related to the original claims . . . that they derive from a common nucleus of operative fact." *Id.* at 293 (internal quotation marks omitted).

"While § 1367 permits a federal court to regard state claims outside of its ken, § 1441 allows parties to pull federal cases out of state court." *Id.* Once properly removed, however, "[t]he Court cannot remand a case on a ground not expressly permitted by the controlling statutes." *Best W. Int'l, Inc. v. Certain Underwriters at Lloyd's of London Subscribing to Policy No. SHU-GL0035-04*, 2:19-CV-48-D-BR, 2019 WL 3802102, at *3–4 (N.D. Tex. June 14, 2019) (observing that "the Court cannot remand a case simply because the parties agree to remand after removal"), *R. & R. adopted by* 2019 WL 4918148 (N.D. Tex. Oct. 4, 2019).

"Generally, the remand of a case that has been removed to federal court is governed by statutory provisions found at 28 U.S.C. §§ 1441(c) and 1447(c)."[5] *Buchner v. F.D.I.C.*, 981 F.2d 816, 819 (5th Cir. 1993). In addition to the statutory grounds for remand, "the Supreme Court has created one, but only one, exception . . . a district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate." *Id.* at 820 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)).

Section 1441(c) provides as follows:

(1) If a civil action includes—

    (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and

    (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute,

---

[5] The parties have not filed a motion to remand, nor have they argued there is a defect in the IRS's removal procedure. Section 1447(c) is therefore inapplicable. *See* § 1447(c) (providing that a party may file a motion to remand "on the basis of any defect . . .").

> the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
>
> **(2)** Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

§ 1441(c)(1)–(2). That is, under § 1441(c)(2), the Court may sever and remand Hernandez-Mendoza's state law claims *if* such claims do not satisfy the requirements of original *or* supplemental jurisdiction. *See S J Associated Pathologists, P.L.L.C. v. Cigna Healthcare of Tex., Inc.*, 964 F.3d 369, 374 (5th Cir. 2020) (observing that § 1441(c)(2) "makes clear that immediately upon removal, the district court shall sever from the action all claims that are not within its original or supplemental jurisdiction and shall remand the severed claims to the State court from which the action was removed" (internal quotation marks omitted)); *K&F Rest. Holdings, Ltd. v. Rouse*, CIVIL ACTION NO. 16-293, 2016 WL 6901375, at *4 (M.D. La. Sept. 22, 2016) (explaining that "§ 1441(c) requires th[e] court to sever and remand *only* those claims over which it lacks original or supplemental jurisdiction"), *R. & R. adopted by* 2016 WL 6897795 (M.D. La. Nov. 22, 2016).

Alternatively, following removal, § 1367 provides that a district court may, in its discretion, decline to exercise supplemental jurisdiction if: (1) the claim raises novel or complex issues of state law; (2) the state law claim substantially predominates over the original jurisdiction claims; (3) the district court has dismissed all original jurisdiction claims; or (4) "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). In addition to § 1367, the United States Supreme Court has advised that courts should "consider and weigh . . . the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law

claims." *Carnegie-Mellon*, 484 U.S. at 350. Courts "should [also] consider whether there has been improper forum manipulation when balancing all of these factors." *Brewster v. Nationstar Mortg., LLC*, Civil Action No. 3:13–CV–2807–M, 2013 WL 6501261, at *7 (N.D. Tex. Dec. 10, 2013) (citing *Carnegie-Mellon*, 484 U.S. at 357). No single factor is dispositive, and the decision is ultimately committed to the court's discretion. *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992).

Of note, where a case involves a pending, properly removed federal claim, this Court has no authority to remand the entire suit. *See Laurents v. Arcadian Corp.*, No. 94-41183, 1995 WL 625394, at *2 (5th Cir. Oct. 4, 1995) (unpublished) ("Although the district court has discretion to remand state law claims that were removed along with one or more federal question claims, it may not remand the component claims that are conclusively deemed to have arisen under federal law, absent a defect in the removal procedure or circumstances rendering the retention of jurisdiction 'inappropriate.'" (citation omitted)); *see also Poche v. Tex. Air Corps, Inc.*, 549 F.3d 999, 1005 (5th Cir. 2008) (following *Laurents*); *Inge v. Walker*, CIVIL ACTION NO. 3:16-CV-0042-B, 2016 WL 4920288, at *3 (N.D. Tex. Sept. 15, 2016) (concluding that "the Court does not have the authority to remand the entire case back to state court" where a federal cause of action "gives th[e] Court original jurisdiction"). Thus, where an original jurisdiction claim remains, a federal district court may either sever and remand the state claims or retain the entire case and exercise pendent jurisdiction.

Here, it is undisputed that this Court has jurisdiction over both the federal and state claims. *See* ECF Nos. 16, 17, 18, 21. And the parties have not argued that the removal procedure was defective nor that any circumstance renders the retention of jurisdiction inappropriate. *See id.* The parties (except the IRS), however, argue that the Court should decline to exercise supplemental

jurisdiction over the state causes of action. *See* ECF Nos. 16, 18, 21. Should the federal claim be dismissed, the undersigned agrees; if the IRS remains a defendant, however, the Court should reject the moving parties' request to remand.

### 1. *The statutory factors*

In determining whether to exercise pendent jurisdiction, a court must examine the § 1367(c) factors. Considering the first factor, beyond Fatemi and Soltani's unsupported assertion that "the Texas state law claims pertaining to specific statutes and common law . . . [are] not typically decided by federal courts" (ECF No. 21, at 4), the moving parties do not allege that this matter raises novel or complex issues of state law. *See* ECF No. 16, at 4–7; ECF No. 18, at 3–4; *see also Inge*, 2016 WL 4920288, at *6 (citing *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 159 (5th Cir. 2011)) ("The Fifth Circuit has determined that a Texas state-law claim is novel when there is no guidance from the Supreme Court of Texas."). As to the fourth factor, Fatemi and Soltani argue that "the position taken by the IRS after the opportunity to review the matter to concede its lien is inferior to the Plaintiff demonstrates an exceptional circumstance in support of remand." ECF No. 21, at 4. While the Court recognizes that a party's capitulation early in litigation is somewhat unusual, finding "exceptional circumstances" on an apparently straightforward lien priority question appears to not satisfy the "exception rather than the rule" standard for declining supplemental jurisdiction. *See Cnty. of El Paso v. Jones*, No. EP–09–CV–00119–KC, 2009 WL 4730345, at *8 (W.D. Tex. Dec. 4, 2009). Therefore, no party has identified an exceptional circumstance that might compel the Court to decline jurisdiction. *See* ECF Nos. 16, 18, 21. Thus, neither the first nor fourth factors weigh in favor of remand.

Most significant here are the second and third factors. Concerning the second, a state claim "substantially predominates" over the federal claim if it "constitutes the real body of a case, to

which the federal claim is only an appendage." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 727 (1966). On the other hand, if "the federal and state claims involve substantially the same facts and evidence, they are sufficiently intertwined so that one does not predominate over the other." *Suter v. Univ. of Tex. San Antonio*, Cause No. SA–10–CA–692–OG, 2010 WL 4690717, at *1 (W.D. Tex. Nov. 1, 2010) (internal quotation marks omitted). Factor three further directs that a court should normally remand pendent state claims if the federal claims are dismissed. *See Carnegie-Mellon*, 484 U.S. at 350 n.7 (recognizing "that in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims"); *Coburn v. Tex. Dep't of Transp.*, Civil Action No. 3:96–CV–1759–G, 1997 WL 328009, at *4 (N.D. Tex. June 11, 1997) (citing *Carnegie-Mellon*, 484 U.S. at 350 n.7) ("When the federal claims are dismissed before trial and only state law claims remain . . . the federal court should usually decline the exercise of jurisdiction over the remaining claims and remand the case to state court."). This general practice, however, is not mandatory. *See Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993) ("District courts enjoy wide discretion in determining whether to retain supplemental jurisdiction over a state claim once all federal claims are dismissed."); *see also Carnegie-Mellon*, 484 U.S. at 350 n.7 (acknowledging that statement regarding dismissal of federal claims and remand "does not establish a mandatory rule to be applied inflexibly in all cases").

Here, the Court agrees with the moving parties that the state claims predominate because the federal claim is "only an appendage." *See Gibbs*, 383 U.S. at 727; *see also* ECF No. 1-4. Such is the case whether or not the federal claim is dismissed. As to factor three, the Court has "a powerful reason to choose not to continue to exercise jurisdiction" should the IRS be dismissed.

*Carnegie-Mellon*, 484 U.S. at 351; *see Drake v. Costume Armour, Inc.*, 736 F. App'x 505, 506 (5th Cir. 2018) (per curiam) (concluding the fact that "[t]he federal claims were dismissed early in the suit before discovery . . . alone supports dismissal of the state claims"). If, on the other hand, the parties elect to not dismiss the IRS as a defendant, factor three does not support remand. *In re Carter*, 618 F.2d 1093, 1104–05 (5th Cir. 1980) ("The district court could have properly decided to retain pendent jurisdiction over the state law case" where it "had jurisdiction over at least two federal questions . . . .").

In sum, if the federal claim is dismissed, the statutory factors advise that the Court should return this action to state court. If the IRS is not dismissed, however, the statutory factors suggest retention because, in that instance, only one of the four factors supports remand. *See K&F Rest. Holdings, Ltd.*, 2016 WL 6901375, at *6 (finding that "even if this court found that Plaintiffs' state law claims did substantially predominate, it finds it would be improper to sever such closely interconnected claims"); *Stephens v. LJ Partners*, 852 F. Supp. 597, 600 (W.D. Tex. 1994) (denying motion to remand "[a]lthough Plaintiff's state law causes of action may substantially predominate over Plaintiff's federal causes of action").

### 2. *The common law factors*

The Court next considers the common law factors in determining whether retaining jurisdiction over a removed case involving pendent claims "would be inappropriate," i.e., "[judicial] economy, convenience, fairness, and comity." *Carnegie-Mellon*, 484 U.S. at 350, 357. First, "judicial economy" suggests remand when "at the time the federal claims [are] deleted hardly any federal judicial resources, let alone a significant amount of resources, ha[ve] been devoted to the district court's consideration of the Texas state law claims (or to any claims)." *Enochs*, 641 F.3d at 159. "If the federal claim is deleted early on in the case, judicial economy almost always

11

favors remand." *Marshall v. MarOpCo, Inc.*, 223 F. Supp. 3d 562, 572 (N.D. Tex. 2017) (noting that the motion to remand was filed within one week of removal). Alternatively, if the federal claim remains, this factor counsels that the Court should not sever and remand the state claims "[b]ecause [when] this Court must retain jurisdiction over one of [plaintiff's] claims . . . judicial economy suggests they should all be tried in the same forum." *Garvin v. Lockheed Fed. Credit Union*, No. A–11–CA–048–SS, 2011 WL 1675991, at *1 (W.D. Tex. Mar. 18, 2011); *see Alexander v. Cannon Cochran Mgmt. Servs., Inc.*, Civil Action No. 09-4614, 2010 WL 1254527, at *2 (E.D. La. Mar. 25, 2010) ("[T]he Court, in its discretion, finds that judicial economy would be served by having all of Plaintiffs' claims addressed in one forum."). Accordingly, where the federal claim is dismissed, judicial economy weighs in favor of remand; if the claim remains, however, this factor favors the continuing exercise of pendent jurisdiction.

Next, there is no indication that litigating these matters in state court—also located in Lubbock—would be any more convenient to the parties and witnesses. *See Enochs*, 641 F.3d at 160 (finding that, when the federal court was in Austin, it was "certainly more convenient for the case to have been heard in the Texas state court in Lampasas County, where all of the parties, witnesses, and evidence were located"); *Cooper v. City of Dallas*, Civil No. 3:13–CV–1330–N–BK, 2013 WL 4675665, at *3 (N.D. Tex. Aug. 30, 2013) ("The second factor, convenience, is also in equipoise, as the state court and this Court are both located in Dallas."). Conversely, where "the case [is] at such an early stage" that remand "would not unduly inconvenience the parties," this factor can weigh in favor of remand. *Oliver v. Lewis*, 891 F. Supp. 2d 839, 848 (S.D. Tex. 2012) (citing *Enochs*, 641 F.3d at 159–60). Thus, the second factor, under the circumstances presented herein, weighs neither for nor against remand.

The third and fourth factors—i.e., fairness and comity—strongly counsel remand if the IRS is dismissed and this action involves "purely Texas state law claims." *See Enochs*, 641 F.3d at 160 (noting that "it was certainly fair to have had the purely Texas state law claims heard in Texas state court," and federalism and comity instruct that state courts are better equipped for state law determinations); *see also Parker & Parsley Petroleum Co.*, 972 F.2d at 588–89 (finding that "the interests of federalism and comity point strongly toward dismissal" when the remaining issues are difficult questions of state law because "federal courts are courts of limited jurisdiction"). In the alternative, these factors do not favor remand if the IRS claim remains. *See Inge*, 2016 WL 4920288, at *9 (agreeing that "the fairness factor favors maintaining supplemental jurisdiction [due to the difficulties of] maintaining parallel litigation in two venues" and noting that where "the case still includes a live federal claim that gives the Court original jurisdiction . . . the weight usually given to interests of federalism and comity is not applicable").

Finally, the Supreme Court has instructed district courts to "guard against forum manipulation." *Carnegie-Mellon Univ.*, 484 U.S. 343 at 357. This "is just one factor to be considered and is far from determinative" (*Marshall*, 223 F. Supp. 3d at 568), but it "does weigh against a party seeking remand." *Hous. Floor Co. v. HD Supply, Inc.*, 3:10-CV-00976-P, 2010 WL 11618980, at *2 (N.D. Tex. July 12, 2010). This factor is not dispositive here. If the federal claim remains, the statutory and common law factors already advise against remand. Alternatively, should the IRS be dismissed, even if the parties did engage in forum manipulation, this Court "cannot find that any forum manipulation overrides the balance of the statutory and common law factors here." *Steele v. Amcol Sys., Inc.*, No. 3:16-cv-2743-M-BN, 2016 WL 7638147, at *2 (N.D. Tex. Dec. 9, 2016), *R. & R. adopted by* 2017 WL 57837 (N.D. Tex. Jan. 4, 2017); *accord Brewster*, 2013 WL 6501261, at *8 ("If there was any forum manipulation involved

in this case, the Court finds that it was not so improper as to nullify all of the remaining factors which weigh heavily in favor of remand.").

Ultimately, the recommended forum largely relies on the dismissal or retention of the IRS as a party via a viable lien claim. Should the parties elect to dismiss the IRS, the statutory and common law factors lead the undersigned to recommend remand of the remaining state claims. If, however, the IRS remains a defendant, the United States District Judge should decline to acknowledge the moving parties' Stipulation to remand (ECF No. 14) and retain jurisdiction of this action in its entirety.

### III. Recommendation

For the foregoing reasons, the undersigned recommends that the United States District Judge **DENY** the IRS's Motion to recognize the lien priority stipulation because it does not sufficiently resolve the federal claim. ECF No. 13. Further, the district judge should **ORDER** the moving parties to, within thirty days, file the appropriate motion or pleading consummating the parties' intent[6] as to disposition of the IRS lien claim, i.e., its priority and the IRS's status as a party. Moreover, the district judge should consider the Stipulation to remand, as well as Fatemi and Soltani's brief, as a joint request or motion for remand. ECF No. 14; ECF No. 21, at 3–4. If the federal claim is concretely resolved and the IRS dismissed, the district judge should **GRANT** the request for remand; if the IRS remains, the Court should **DENY** the request.

### IV. Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions,

---

[6] As previously noted above, it appears the parties wish to either (1) dismiss on the merits through a joint stipulation agreeing to (or a Court order granting) a declaratory judgment specifically determining IRS lien priority; or (2) submit a signed Rule 41 voluntary notice of dismissal terminating the IRS as a defendant in this action.

and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: May 27, 2021.

_____
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE